UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHYLLIS J. GOTTLIEB,<br><div align="right">Plaintiff,</div><br>- against -<br>SECURITIES AND EXCHANGE COMMISSION and FIRST AMERICAN TITLE INSURANCE COMPANY,<br><div align="right">Defendants.</div> | File No.<br>1:15-cv-09568-LAP |
| FIRST AMERICAN TITLE INSURANCE COMPANY,<br><div align="right">Defendant and Third-Party Plaintiff,</div><br>- against -<br>PHYLLIS GOTTLIEB, INTERNAL REVENUE SERVICE, and SECURITIES AND EXCHANGE COMMISSION,<br><div align="right">Counterclaim Defendant, Cross-Claim Defendant, and Third Party Defendant.</div> | |
| SECURITIES AND EXCHANGE COMMISSION,<br><div align="right">Plaintiff,</div><br>- against -<br>GEORGE WALLACE STEWART, ET AL.,<br><div align="right">Defendants,</div><br>- and -<br>CORNEL D. PLEBANI, ET AL.,<br><div align="right">Relief Defendants.</div> | File No.<br>1:98-cv-02636-LAP |
| SECURITIES AND EXCHANGE COMMISSION,<br><div align="right">Plaintiff-Petitioner-Judgment Creditor,</div><br>- against -<br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><div align="right">Respondent-Garnishee,</div><br>- and -<br>ALLEN B. GOTTLIEB, ET AL.,<br><div align="right">Defendant-Judgment Debtor,</div><br>PHYLLIS J. GOTTLIEB, ETC.,<br><div align="right">Interested Person.</div> | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION BY SECURITIES AND EXCHANGE COMMISSION FOR SANCTIONS AGAINST PHYLLIS GOTTLIEB

JOHN J. GRAUBARD
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.: 212-336-0084; Fax: 212-336-1323
E-mail: graubardj@sec.gov

NANCY E. TYLER, pro hac vice
Securities and Exchange Commission
100 F Street NE, Mail Stop 5631
Washington, DC 20549-0022
Tel: (202) 551-4193; Fax: (202) 772-9292
email: tylern@sec.gov

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................... 1

RELEVANT FACTS .............................................................................................................. 1

ARGUMENT ......................................................................................................................... 4

     Payment of Expenses ..................................................................................................... 5

     Additional Sanctions ...................................................................................................... 5

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Cine Forty-Second St. Theatre Corp. v. United Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir. 1979) ...................6

*Granados v. Traffic Bar & Restaurant, Inc.*, 2015 WL 9582430 (S.D.N.Y. Dec. 30, 2015) ........................ 5, 6

*John Wiley & Sons, Inc. v. Blue Dog Books, LLC*, 298 F.R.D. 145 (S.D.N.Y. 2014) ........................5

*SEC v. Razmilovic*, 738 F.3d 14 (2d Cir. 2013) ...................................6

*Sentry Insurance A Mutual Co. v. Brand Management, Inc.*, 295 F.R.D. 1 (E.D.N.Y. 2013) .............................6

*Shcherbakovkiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130 (2d Cir. 2007) .....................................6

*Southern New England Telephone Co. v. Global NAPs Inc.,* 624 F.3d 123 (2d Cir. 2010) ...................6

## STATUTES

New York Civil Practice Law and Rules 5222 ...............................................1

New York Civil Practice Law and Rules 5225(b) ...........................................2

New York Civil Practice Law and Rules 5227 ...............................................2

## RULES

Rule 37(b)(2)(A), Federal Rules of Civil Procedure.......................................... 4, 7

Rule 37(d)(A)(i), Federal Rules of Civil Procedure.......................................... 4, 5

Rule 37(d), Federal Rules of Civil Procedure ............................................... 4, 5, 6

Rule 69(a), Federal Rules of Civil Procedure.............................................. 1, 2

## INTRODUCTION

The Securities and Exchange Commission (defendant in 1:15-cv-09568-LAP and plaintiff in 1:98-cv-02636-LAP) (the "Commission") moves pursuant to Rule 37 (effective as of December 1, 2015) for sanctions against Phyllis J. Gottlieb (plaintiff in 1:15-cv-09568-LAP and interested person / intervenor in 1:98-cv-02636-LAP) for her failure to attend her deposition as ordered by this Court on January 20, 2016.

For the reasons set forth below, the Court should impose appropriate sanctions on Phyllis J. Gottlieb.

## RELEVANT FACTS

On January 23, 2003, this Court entered a judgment for disgorgement and prejudgment interest against Allen B. Gottlieb, in the amount of $2,005,443.54, and a civil penalty in the amount of $878,333 ("Judgment") (DN 85)[1].  Declaration of John J. Graubard ("Graubard Decl.") ¶ 3.  To date, this Judgment has not been paid.  *Id.*  The Commission seeks a turnover of funds in the possession of First American Title Insurance Company ("First American") in partial satisfaction of that Judgment.

On July 27, 2015, in aid of execution of the Judgment against Allen B. Gottlieb, the Commission issued a Restraining Notice to First American Title Insurance Company ("First American"), pursuant to Fed. R. Civ. P. 69(a) and New York Civil Practice Law and Rules ("NY CPLR 5222"), for a sum of money held by First American representing the proceeds from the sale of a home, located at 3232 NE 211 Terrace, Aventura, Florida 33180 (the "Aventura Property"), nominally owned by Phyllis J. Gottlieb as Trustee of the Phyllis J. Gottlieb Living Trust dated February 17, 2012 (DN 160).  Graubard Decl. ¶ 4.

---

[1] All Docket Entry numbers relate to Case No. 1:98-cv-02636-LAP in the Southern District of New York unless otherwise noted.

On August 20, 2015, the Commission filed its Motion for a Turnover Order pursuant to Rule 69(a) and NY CPLR 5225(b) and 5227 directed to First American, naming Phyllis J. Gottlieb as an Interested Person (DN 163).  Graubard Decl. ¶ 5.  The Commission's motion stated that Phyllis J. Gottlieb held the Aventura Property in the name of Phyllis J. Gottlieb Living Trust as nominee for her spouse, Allen B. Gottlieb, in an effort to hinder the Commission's collection efforts (DN 163). *Id.*

On August 23, 2015, Phyllis J. Gottlieb file a declaratory and injunctive action in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida in Case No. 2015-019439-CA-01.  Graubard Decl. ¶ 6.  The Commission removed this action from the United States District Court for the Southern District of Florida and then moved for it to be transferred to this Court.[2]  *Id.*

On October 27, 2015, while Phyllis J. Gottlieb's action was still pending in the Southern District of Florida, the Commission served Gottlieb's Florida attorney, David Anderson, with Interrogatories, a Request for Production of Documents, and a Notice of Deposition.  Graubard Decl. ¶ 7; Exhibit 1.  Gottlieb's deposition was scheduled to take place on December 4, 2015 at the Securities and Exchange Commission office located at 801 Brickell Avenue in Miami, Florida.  *Id.*

On December 2, 2015, Phyllis J. Gottlieb filed a motion requesting that she be allowed to give her deposition in person in the Bahamas or, in the alternative, allow her deposition to be "conducted electronically" from the Bahamas (DN 32 in Case No. 1:15-cv-09568).  Graubard Decl. ¶ 8.  On December 3, 2015, Magistrate Judge Otazo-Reyes excused Phyllis J. Gottlieb from

---

[2] On December 4, 2015, Southern District of Florida Case No. 1:15-cv-23309 was transferred to the Southern District of New York and assigned Case No. 1:15-cv-09568.  Copies of the state court pleadings are filed as DN 7 in Case No. 1:15-cv-09568.

appearing for her deposition on December 4, but ordered her to appear at the Commission's office in Miami on January 20, *2015* for her deposition (DN 36 in Case No. 1:15-cv-09568-LAP).[3] *Id.*

On December 22, 2015, this Court held a telephonic conference with the parties and on December 23, 2015 issued an order confirming that Phyllis J. Gottlieb was to appear for her deposition on January 20, 2016 at the Commission's Miami Regional Office (DN 184). Graubard Decl. ¶ 9.

On January 15, 2016, Phyllis J. Gottlieb's attorney filed a Letter Motion under seal requesting that her deposition be conducted telephonically or by video in Brazil where she apparently now resides (DN 44 and 46 in Case No. 1:15-cv-09568-LAP). Graubard Decl. ¶ 10. The Court denied that motion and again ordered Phyllis J. Gottlieb to appear for her deposition in Miami as scheduled on January 20 (DN 51 in Case No. 1:15-cv-09568-LAP).[4] *Id.*

On January 20, 2016, Commission counsel arrived at 801 Brickell Ave., Suite 1800, Miami, Florida, the designated location for Phyllis J. Gottlieb's deposition. Graubard Decl. ¶ 11. Counsel waited at that location until 10:30 a.m. that day but Phyllis J. Gottlieb never appeared. Graubard Decl. ¶ 11; Exhibit 2.

The Commission incurred expenses in the amount of $1,666.32 with respect to the scheduled deposition that Phyllis J. Gottlieb did not attend. Graubard Decl. ¶ 12. The Commission also incurred court reporter fees of $935.71. Graubard Decl. ¶ 13.

---

[3] Clearly, the court intended that the deposition was to take place on January 20, *2016*. This matter was clarified in Judge Preska's Order on December 22, 2015. (DN 184).

[4] In another Letter Motion to the Court, Gottlieb proposed that she would drive to Uruguay or Paraguay for her deposition. That motion was also denied (DN 191). Graubard Decl. ¶ *.

## **ARGUMENT**

Rule 37(d)(A)(i) of the Federal Rules of Civil Procedure provides that the Court where an action is pending may, on motion, order sanctions if "a party … fails, after being served with proper notice, to appear for that person's deposition."  Sanctions imposed by the Court in such event may include any of the actions listed in Rule 37(b)(2)(A)(i)-(iv).  Moreover, "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust."

The sanctions available under Rule 37(b)(2)(A)(i)-(iv) are:

**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part; and

**(iv)** staying further proceedings until the order is obeyed;

Moreover, as Phyllis J. Gottlieb's failure to attend her deposition violated the orders entered by this Court and by the Southern District of Florida, she could also be subject to these additional sanctions under Rule 37(b)(2)(A)(v)-(vii):

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; and

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Here, there is no question but that Phyllis J. Gottlieb was ordered to attend her Court-ordered deposition in Miami, Florida, on January 20, 2016, and that she failed to attend.  What remains is for this Court to determine the appropriate sanctions.

1.    **Payment of Expenses**

Rule 37(d)(A)(i) makes the payment of expenses and reasonable attorney's fees by the party who failed to attend a deposition mandatory unless that party proves that such failure was justified or that special circumstances would make such an award unjust.  *John Wiley & Sons, Inc. v. Blue Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014).  The Commission submits that Phyllis J. Gottlieb's failure to attend her deposition was by no means "justified."  She brought an action against the Commission seeking affirmative relief; she has the burden of proof in that action; and her evidence is absolutely essential in that action.  She simply disobeyed the direction of this Court by her failure to attend.[5]  The Commission therefore requests that the Court direct the payment of its reasonable expenses incurred with respect to the deposition which she failed to attend.

The Commission claims expenses of $1,666.32 for its attorney to attend the scheduled deposition in Miami on January 20, 2016, together with $935.71 in court reporter fees.  Nonpayment of these amounts should result in the dismissal of her complaint in 1:15-cv-09568-LAP and preclusion of her claim to the funds held by First American in the turnover proceeding pending in 1:98-cv-02636-LAP.

2.    **Additional Sanctions**

The Commission also seeks additional sanctions under Rule 37(d).  "Discovery sanctions serve a three–fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general."  *Granados v. Traffic Bar & Restaurant, Inc.*, 2015 WL 9582430 at *3 (S.D.N.Y. Dec. 30, 2015); *Cine Forty-Second St. Theatre Corp. v. United Artists Pictures Corp.*, 602 F.2d

---

[5] Phyllis J. Gottlieb did not unequivocally state to the Court that she would not attend the January 20 deposition, thereby requiring the Commission to appear as scheduled.  In light of the motions she filed, however, there was an indication that she might not attend the Miami deposition.

1062, 1066 (2d Cir. 1979). The severity of the sanction must be appropriate to the noncompliance.

*Shcherbakovkiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007).

> When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." *Sentry Insurance A Mutual C o. v. Brand Management, Inc.*, 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing *Agiwal v. Mid-Island Mtg. Corp.*, 555 F.3d 298, 302–03). Another factor — prejudice to the moving party — is also relevant, although the Second Circuit has emphasized that the absence of prejudice should not be accorded significant weight. *See Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 148–49 (2d Cir. 2010). In fact, none of these factors alone is dispositive. *SEC v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).

*Granados*, *supra*.

The Commission seeks dismissal of Phyllis J. Gottlieb's complaint in 1:15-cv-09568-LAP and preclusion of her claim to the funds held by First American in the turnover proceeding pending in 1:98-cv-02636-LAP. Although the SEC suggests a severe sanction, it is fully appropriate here.

First, Phyllis J. Gottlieb is the plaintiff in 1:15-cv-09568-LAP; she voluntarily brought this action in Florida, and she failed to appear at a court-ordered deposition in that location. Second, she has not shown that she will in the future comply with any Court order requiring her deposition. Third, she has been made aware of consequences of non-compliance. Finally, lesser sanctions will not be effective.

Phyllis J. Gottlieb was ordered to appear for her deposition on January 20, 2016 three times. First, she was ordered to appear by the magistrate judge in the Southern District of Florida. Next, that order was confirmed by letter by this Court. Finally, Gottlieb's two final motions to have her deposition taken in (1) Brazil, or (2) Uruguay or Paraguay, were denied and again, she was ordered to appear for her deposition as previously scheduled. After three orders directing her to be in Miami on January 20th for her deposition, she elected not to appear. Her assorted reasons for not appearing are self-serving and contradictory. The only logical inference is that she willfully chose to

disobey this Court's orders.  In light of the foregoing, the Commission contends that the only effective and just sanction in this matter is to dismiss Gottlieb's claim for want of prosecution and to preclude her from asserting a claim in the turnover proceedings.

In the event the Court decides that a lesser sanction is appropriate, however, the Commission requests that Gottlieb be ordered to appear in person for her deposition with the specific warning that failure to appear will result in the dismissal of her claim.  In that event, the Commission further requests that the Court stay all proceedings on Gottlieb's motion for release of funds (DN 198) until such deposition is held and the costs imposed on her are paid.

The Commission is willing to attend a deposition of Phyllis J. Gottlieb in Miami, Florida, New York, New York, or Washington, DC.  Such deposition should be held within 60 days from the entry of an order on this Motion.  Furthermore, the Commission agrees that Phyllis J. Gottlieb could select the date and location of the deposition as long as it is conducted in the continental United States.

Moreover, the Commission respectfully requests that the Court enter an order under Rule 37(b)(2)(A)(iv) and its own inherent power staying all proceedings on Phyllis J. Gottlieb's Motion for Release of Funds (DN 198) until after her deposition is held.  The Commission should have the opportunity to examine her on the specifics of her claims that she, and not Allen B. Gottlieb, owned the Aventura Property and that the Aventura Property was her homestead before that motion is adjudicated.

Finally, if the Court gives Phyllis J. Gottlieb one final opportunity to be deposed, it should specifically order that if she fails to appear for such deposition, her complaint in 1:15-cv-09568-LAP will be dismissed and her claim to the funds held by First American in the turnover proceeding pending in 1:98-cv-02636-LAP will be precluded.

**CONCLUSION**

For the reasons set forth above the Court should impose appropriate sanctions on Phyllis J.

Gottlieb for her failure to attend her deposition as required by Court Order.

Dated:  March 2, 2016
       New York, N.Y.                Respectfully submitted,


/s/John J. Graubard
JOHN J. GRAUBARD        JG-4854
Attorney for Plaintiff
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.: 212-336-0084
Fax: 212-336-1323
E-mail: graubardj@sec.gov

/s/ Nancy E. Tyler
NANCY E. TYLER, pro hac vice
TX Bar Number: 20358600
U.S. Securities and Exchange Commission
100 F Street NE, Mail Stop 5631
Washington, DC 20549-0022
Tel: (202) 551-4193
Fax: (202) 772-9292
email: tylern@sec.gov