UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,      :     98 Civ. 02636 (LAP)
Plaintiff,                               :
                                         :
          v.                             :
                                         :
GEORGE WALLACE STEWART, et al.,          :
Defendants,                              :
                                         :
          and                            :
                                         :
CORNEL D. PLEBANI, et al.,               :
Relief Defendants.                       :
----------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,      :
Plaintiff-Petitioner-Judgment Creditor,  :
                                         :
          v.                             :
                                         :
FIRST AMERICAN TITLE INSURANCE COMPANY,  :
Respondent-Garnishee,                    :
ALLEN B. GOTTLIEB,                       :
Defendant-Judgment Debtor, and           :
PHYLLIS J. GOTTLIEB, Interested Person.  :
=========================================X
PHYLLIS GOTTLIEB,                        :     15 Civ. 09568 (LAP)
Plaintiff,                               :
                                         :              ORDER
          v.                             :
                                         :
SECURITIES AND EXCHANGE COMMISSION and   :
FIRST AMERICAN TITLE INSURANCE COMPANY,  :
Defendants.                              :
----------------------------------------X
FIRST AMERICAN TITLE INSURANCE COMPANY,  :
Defendant and Third-Party Plaintiff,     :
                                         :
          v.                             :
                                         :
PHYLLIS GOTTLIEB,                        :
Counterclaim Defendant, and              :
SECURITIES AND EXCHANGE COMMISSION,      :
Cross-Claim Defendant.                   :
----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/16

LORETTA A. PRESKA, United States District Judge:

Before the Court is the Securities and Exchange Commission's ("SEC's") motion for sanctions [dkt. no. 204][1] against Phyllis Gottlieb for her failure to attend her deposition as ordered by this Court on January 20, 2016. Familiarity with the events underlying the motion is presumed, but the facts are aptly laid out in the SEC's memorandum in support.  (See Mem. in Supp. 1–3 [dkt. no. 206].)

In her response to the SEC's motion, Phyllis Gottlieb admits that she is subject to sanctions, (Mem. in Resp. [dkt. no. 221] ("Mrs. Gottlieb largely agrees with the proposed sanctions in the Transferred Florida action . . . .")), and acquiesces in the dismissal of her action, (Mem. in Resp. [dkt. no. 221] ("Mrs. Gottlieb does not disagree that dismissal of the Transferred Florida action (15 Civ. 9568(LAP)[)] is appropriate.")).  However, the parties dispute whether other remedies are necessary: the SEC seeks to preclude Mrs. Gottlieb from raising any claims as to the disputed funds, while Mrs. Gottlieb asserts that the turnover proceeding should "go forward on the merits the way it is designed to."  (Sur-Reply Mem. in Resp. 8 [dkt. no. 225].)

---

[1] Unless otherwise noted, all docket numbers provided refer to the docket in the underlying SEC matter, S.E.C. v. Stewart, 88-cv-2636(LAP).

Throughout these proceedings, Mrs. Gottlieb has continually attempted to reap the benefits of her litigation strategy while avoiding any of the associated costs, and the Court agrees with the SEC that it cannot countenance such an outcome.  Mrs. Gottlieb is not entitled to file a plenary action, employ only those procedures that she is amenable to, and then discard the remainder at her convenience.  When the Court previously issued orders instructing the parties in these parallel proceedings how to proceed, it did so with the understanding that Mrs. Gottlieb would appear for a deposition.  (See, e.g., Order [dkt. no. 220] (staying the fund-release motion pending Mrs. Gottlieb's appearance for a deposition.).)  Mrs. Gottlieb's decision simply to ignore the Court's orders and fail to appear, and then to vacate her intervention and refuse to appear at any alternative time has caused delay and the needless expenditure of resources by the SEC and this Court.

Accordingly, pursuant to Rule 37, the Court now precludes Mrs. Gottlieb from asserting her claim to the funds.  Upon consideration of the parties' submissions and the relevant factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions," Granados v. Traffic Bar & Restaurant, Inc., 2015 WL 9582430 at *3

(S.D.N.Y. Dec. 30, 2015), it is clear that Mrs. Gottlieb was willfully non-compliant in the face of three separate orders directing her to appear.  Given her complete lack of cooperation to this point — even in prosecuting her own case — it is doubtful that lesser sanctions would have any significant effect.  Indeed, Mrs. Gottlieb's counsel suggests that were the Court to go ahead with the special proceeding, as Mrs. Gottlieb proposes is the best way forward, that hearing would also "most likely occur without Mrs. Gottlieb's appearance."  (Sur-Reply Mem. in Resp. 2 [dkt. no. 225].)

In addition, the Court finds it appropriate to dismiss Mrs. Gottlieb's action — Mrs. Gottlieb herself has conceded as much — and order payment of the fees and expenses incurred by the SEC in relation to the deposition.  Accordingly, Mrs. Gottlieb shall pay $1,666.32 in expenses and $935.71 in court reporter fees — as authorized by Rule 37(d)(A)(i).  Mrs. Gottlieb's suggestion that the fees and costs be paid from the disputed funds assumes that the funds are Mrs. Gottlieb's—an inaccurate assumption at this moment in time.

Conclusion

For the reasons above, the SEC's motion for sanctions [dkt. no. 204] is GRANTED as follows: the complaint in Gottlieb v. SEC, No. 15-cv-09568-LAP, is hereby DISMISSED; Mrs. Gottlieb is ORDERED to pay $ 2602.03 in fees and expenses to the SEC; and Mrs. Gottlieb is precluded from asserting entitlement to the disputed funds in the turnover action.

SO ORDERED.

Dated:      New York, New York
            September 30, 2016

_Loretta A. Preska_
LORETTA A. PRESKA
United States District Judge